977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby HURST, Plaintiff-Appellant,
v.
TOWN OF SHELBURN, INDIANA; Midwestern Engineers, Inc.;
State of Indiana; David W. Sullivan; Mark L.
Reed; Murphey C. Land; Addison M.
Beavers, Defendants-Appellees.
 No. 92-5423.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 1
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Bobby Hurst appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Hurst sued numerous defendants who had been involved in his partially successful state court litigation, alleging that they had denied him his constitutional rights under the Fifth, Seventh, and Fourteenth Amendments. In state court, Hurst sued the Town of Shelburn for allegedly breaching a contract with Hurst d/b/a West Side Trenching Company; he also sued Midwestern Engineers, Inc. for allegedly inducing the city to breach the contract with Hurst. Following inconsistent jury verdicts and two appeals in 1984, Hurst ultimately won a money judgment against the Town of Shelburn and lost to Midwestern on summary judgment. Over the next several years, Hurst sought to challenge the adverse summary judgment, to no avail. In 1990, Hurst filed this § 1983 action against the city, the engineering company, the two state court trial judges (Land and Beavers), and two private attorneys (Sullivan and Reed) who had represented the engineering company. Hurst also sued the State of Indiana. The district court dismissed the case for failure to state a claim upon which relief could be granted. Hurst has filed a timely appeal. Additionally, the State of Indiana, and Judges Land and Beavers move the court to impose sanctions against Hurst for filing a frivolous appeal.
 
 
 4
 Upon review, we conclude that the district court properly determined that Hurst failed to state a claim. Construing the complaint in the light most favorable to Hurst and accepting his factual allegations as true, we determine that Hurst undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Dana Corp. v. Blue Cross and Blue Shield, 900 F.2d 882, 885 (6th Cir.1990). We further conclude Hurst's appeal is entirely frivolous as to defendants State of Indiana, Land, Beavers and that sanctions are appropriate in this case pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the sixth Circuit. Reasonable attorney fees and single costs are hereby awarded to the state of Indiana, and Judges Land and Beavers pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court with proof of service within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation